UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

JUMAL ENCINE STURRUP,                                Case No. 25-CV-3422 (PJS/LIB)

                    Plaintiff,

v.                                                                    ORDER

RICH PRODUCTS CORPORATION;
CECILIA RUEGEMER; SHAYNE
MILBRADT; SHANNON WOOD; RON
DENNING; MOREY'S SEAFOOD
INTERNATIONAL LLC,

                    Defendants.

---

This matter is before the Court on plaintiff Jumal Sturrup's Fed. R. Civ. P. 55(b) motion for a default judgment against defendant Cecilia Ruegemer.  For the reasons that follow, the motion is denied and the clerk's entry of default is vacated.

Sturrup obtained an entry of default against Ruegemer on November 17, 2025, based on a waiver of service that Ruegemer signed on October 2, 2025.  ECF Nos. 41-1, 42.  Citing this waiver of service, Sturrup asserted, in his application for entry of default, that Ruegemer was served with the second amended complaint.  ECF No. 40 ¶ 1.  This seems doubtful, as the second amended complaint is dated October 24, 2025, more than three weeks after Ruegemer signed the waiver of service.  ECF No. 28 at 10.  Regardless, at the time that Ruegemer was purportedly served with that pleading, it was not the operative complaint.  Sturrup filed the second amended complaint—without court

permission—on October 29, 2025. ECF No. 28; *see* ECF No. 63 at 5–6 (detailing procedural history of Sturrup's pleadings). Magistrate Judge Leo I. Brisbois recognized the second amended complaint as the operative pleading in this matter on December 4, 2025. ECF No. 63 at 6. Ruegemer therefore cannot yet be in default for failing to respond to it and, given the discrepancies in the record concerning service on Ruegemer, the Court will vacate the entry of default.

Setting that aside, the Court notes some of the many other procedural and substantive problems with Sturrup's motion for default judgment:

*First*, Sturrup did not contact the undersigned's chambers before filing the motion, which violates the local rules. *See* D. Minn. L.R. 7.1(c).

*Second*, Sturrup's motion for default judgment relies on his original complaint. *See* ECF Nos. 56–57. Before filing the motion for default judgment, however, Sturrup filed an amended complaint (with permission). *See* ECF Nos. 23, 26. The original complaint was therefore a legal nullity. *See In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 928 (8th Cir. 2005). Moreover, as noted above, Sturrup's application for entry of default relied on purported service of the second amended complaint. ECF No. 40 ¶ 1. There is therefore a mismatch between the pleading that was purportedly served on Ruegemer and the pleading on which Sturrup relies in seeking a default judgment.

*Third*, even if Ruegemer were in default, that would not establish that she is legally liable to Sturrup.  By defaulting, a defendant admits the factual allegations in the complaint, but does not admit any legal conclusions nor any allegations about the amount of damages.  *See Murray v. Lene*, 595 F.3d 868, 871 (8th Cir. 2010).  The second amended complaint's vague and conclusory allegations concerning Ruegemer are insufficient to establish that she is liable on any of the alleged claims.  *See* ECF No. 28 at 2–4.

*Finally*, even if Ruegemer were in default, and even if Sturrup's motion were properly supported, the Court would not enter a default judgment at this time. Ruegemer is only one of multiple defendants, and it appears, from the nature of Sturrup's claims, that any liability on Ruegemer's part would be joint and several with one or more non-defaulting defendants.  Under these circumstances, "the better practice is for the district court to stay its determination of damages against the defaulters until plaintiff's claim against the nondefaulters is resolved."  *Pfanenstiel Architects, Inc. v. Chouteau Petroleum Co.*, 978 F.2d 430, 433 (8th Cir. 1992).

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein,

IT IS HEREBY ORDERED THAT:

1.      Plaintiff's motion for default judgment [ECF No. 56] is DENIED.

2.     The entry of default against defendant Cecilia Ruegemer [ECF No. 42] is

VACATED.

Dated:  December 5, 2025

_____
Patrick J. Schiltz, Chief Judge
United States District Court